UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

FILED
US DISTRICT COURT CLERK
WESTERN DISTRICT OF KY
05 JUN -9 AM 11: 46

| | |
|---|---|
| TIMOTHY MOMAH, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:04CV-64-C |
| | ) |
| DENNY'S, INC, et al. | ) |
|     Defendants. | ) |
| | ) |

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

Come now Plaintiff, Timothy Momah, by counsel, Michael L. Goodwin and Christopher N. Lasch, and submits the attached proposed jury instructions.

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of these proposed instructions will be hand-delivered on June 8, 2005 to:

Carol Dan Browning / Thad M. Barnes / Demetrius O. Holloway
STITES & HARBISON, PLLC
Counsel for Defendant Denny's, Inc.

Anne Miller
O'KOON HINTERMEISTER
Counsel for Defendant Miller

Raymond J. Naber, Jr., Esq.
NABER, JOYNER & JAFFE
Counsel for Defendant Law Enforcement Security Services, LLC

Respectfully submitted,

CHRISTOPHER N. LASCH
GOODWIN & LASCH, PSC
607 WEST MAIN ST., SUITE 500
LOUISVILLE, KY 40202
(502) 584-7622

1

# PLAINTIFF'S PROPOSED INSTRUCTION # __

## The Statute, Its Function, and Elements of Claim for Relief

*The Statute and Its Function*

Plaintiffs assert claims under a federal civil rights law, 42 U.S.C. § 1983. The statute provides a remedy for individuals who have been deprived of their federal constitutional rights under color of state law. Section 1983 states in part that:

> Every person who, under color of [state law], subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the [United States] Constitution and [federal] laws, shall be liable to the party injured [for damages].

Section 1983 creates a form of liability in favor of people who have been deprived of rights secured to them by the United States Constitution. It was passed by Congress to enforce the Fourteenth Amendment of the Constitution. The Fourteenth Amendment provides in relevant part that:

> no state shall . . . deprive any person of life, liberty, or property, without due process of law nor deny to any person within its jurisdiction the equal protection of the laws.

Section 1983 itself does not establish or create any federally protected right. Rather, it is the statute that allows the plaintiff in this case to enforce rights guaranteed to him by the federal Constitution. Later in these instructions I will explain to you what these federal constitutional rights are, and what the plaintiff must show to demonstrate a violation of these rights.

To establish his claims under section 1983, the plaintiff must demonstrate, by a preponderance of the evidence, the following three elements:

First, that the defendant's conduct was under color of state law;

Second, that this conduct deprived the plaintiff of a right protected by the Constitution of the United States; and

Third, that the defendant's conduct was a proximate cause of the injuries and damages sustained by the plaintiff.

I will explain each of these elements to you.

*First Element: Color of Law*

As to the first element—whether the defendant was acting under color of state law—there is no dispute in this case that during the events in issue here the defendants (Denny's, Law Enforcement Security Services, and Donald Miller) were acting under color of law. Therefore, you need not concern yourself with that element of the plaintiff's case.

*Second Element: Deprivation of a Federal Right*

The second element of the plaintiff's claim is that defendants' conduct deprived him of a federal right. The plaintiff's claim in this case that he was deprived of his right to be free from unreasonable search and seizure and excessive force under the Fourth, Fifth and Fourteenth Amendments of the Federal Constitution, when Defendant Miller arrested him without probable cause and use excessive force prior to making that arrest. I will explain the specific elements of the plaintiff's claims later in these instructions.

*Third Element: Proximate Cause*

The third element the plaintiff must prove is that the defendants' conduct was a proximate cause of his injury and damage. Under Section 1983 the defendant is responsible for the natural consequences of his or her actions. An act is a proximate cause if it was a substantial factor in bringing about the plaintiff's injury. You must determine whether injury or damage suffered by the plaintiffs was a reasonably foreseeable consequence of the defendant's conduct. An injury that is a direct result, or a reasonable probable consequence of a defendant's conduct, was proximately caused by that conduct. The question is whether a reasonable person would regard the defendants' conduct as being a cause of the injury. If so, the conduct is a proximate cause.

A proximate cause need not always be the nearest cause either in time or in location. In addition, the law recognizes that there may be more than one proximate cause of an injury. Many factors, or the conduct of two or more people, may operate at the same time, either independently or together, to cause an injury.

*General Wrap-up on Elements of the Claim: Multiple Defendants*

If you find that the plaintiff has proven all three elements of a claim by a preponderance of the evidence with respect to a particular defendant whom you are considering separately, you should find that defendant liable. If you find that the plaintiff has not proven any one of these elements with respect to the particular defendant you are considering, then you must find that defendant not liable and return a verdict for him. Remember that the case as to each of these individual defendants must be considered separately by you. The fact that you find that one of the defendants is or is not liable does not determine your verdict as to the other defendant.

**Authority**: 4 SCHWARTZ & PRATT, SECTION 1983 LITIGATION: JURY INSTRUCTIONS § 3.01.1; *see also* charges given in Banks v. Yokemick, No. 99 Civ. 10815(VM) (S.D.N.Y. May 18, 2001), Slip. Tr. at 6-8.

**PLAINTIFFS' PROPOSED INSTRUCTION #__**

**No Specific Intent Required**

Section 1983 does not require the plaintiff to demonstrate that the defendant acted willfully, or with the specific intent to violate the plaintiff's federally protected rights. Nor does § 1983 require the plaintiff to show that the defendant abused governmental power. The plaintiffs are entitled to relief if a defendant intended the actions or omissions which resulted in a violation of their constitutional rights.

**Authority**: 4 SCHWARTZ & PRATT, SECTION 1983 LITIGATION: JURY INSTRUCTIONS § 3.02.1; 3 AVERY, RUDOVSKY AND BLUM, POLICE MISCONDUCT: LAW AND LITIGATION § 12:6.

## PLAINTIFFS' PROPOSED INSTRUCTION #__

### Burden of Proof on Section 1983 Elements

The plaintiff has the burden of proving each element of his § 1983 claims by a preponderance of the evidence. Preponderance of the evidence means that it is more likely than not that the fact occurred.

Thus, in order to prevail on his claim, the plaintiff must persuade you that it is more likely than not: first, that the conduct complained of was committed by a person acting under color of state law; second, that the conduct deprived the plaintiff of a right protected by the federal Constitution; and third, that the defendant's conduct was the proximate cause of the injuries and damages sustained by the plaintiffs.

**Authority**: 4 SCHWARTZ & PRATT, SECTION 1983 LITIGATION: JURY INSTRUCTIONS § 3.03.1.

## PLAINTIFFS' PROPOSED INSTRUCTION #__

### Action By Private Citizen Against Corrections Officers
### All Persons Stand Equal Before the Law

As you know, this action was brought by a private citizen against Donald Miller, an off-duty corrections officer. This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar station in life. All persons stand equal before the law, and are to be dealt with as equals in a court of justice.

**Authority**: Adapted from instruction on police officer defendants in 4 SCHWARTZ & PRATT, SECTION 1983 LITIGATION: JURY INSTRUCTIONS § 3.04.3 (adapting plaintiff's proposed instruction in Kerr v. Chicago, 424 F.2d 1134, 1138 (7th Cir.), cert. denied, 400 U.S. 833 (1970)); see also 3 AVERY, RUDOVSKY AND BLUM, POLICE MISCONDUCT: LAW AND LITIGATION § 12:7.

## PLAINTIFFS' PROPOSED INSTRUCTION #__

**Excessive Force Defined**

In this case Plaintiff raises a claim of excessive force. In considering this claim you will use the following definition of excessive force:

Whether or not any force used in this instance was excessive is an issue for you to decide on the basis of that degree of force, if any, that a reasonable and prudent law enforcement officer would have applied in the same circumstances disclosed in this case.

You may find that Defendant Miller had no right to apply any force to Plaintiff Momah, because Plaintiff Momah had done nothing which would justify an arrest or even a brief detention requiring the application of force. But you should also keep in mind that every person has the constitutional right not to be subjected to unreasonable or excessive force while being arrested by law enforcement officers, even if such arrest is otherwise proper. In making a lawful arrest, an officer has the right to use such force as is necessary under the circumstances to complete the arrest. If you determine the arrest was lawful, you must determine whether the force used in making the arrest of the plaintiff was unnecessary, unreasonable or excessively violent. The force used in making an arrest is unnecessary, unreasonable or excessively violent if the arresting officer exceeded that degree of force which a reasonable and prudent law enforcement officer would have applied in making the arrest under the same circumstances.

In determining whether the force was excessive, you must consider such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of the injury inflicted, whether the force was applied in response to a threat reasonably perceived by the responsible officials, and whether those officials made any efforts made to temper the severity of a forceful response. Injuries which result from, for example, an officer's use of force to overcome resistance to arrest do not involve constitutionally protected interests. An officer's use of excessive force does not give constitutional protection against injuries that would have occurred absent the excessive force.

**Authority**: Definition of excessive force adapted from 11th Cir. Pattern Jury Instr. (Civil) 2.4.1 (1999), 5th Circuit pattern instruction 10.2 (on the web at http://www.lb5.uscourts.gov/juryinstructions/1999civi.htm) and 8th Cir. Civil Jury Instr. 4.20 (2001).

## PLAINTIFFS' PROPOSED INSTRUCTION #__

**Excessive Force Claim against Defendant Donald Miller.**

Your verdict must be for plaintiff and against defendant Donald Miller for excessive force if all the following elements have been proved by the preponderance of the evidence:

>First, defendant intentionally applied force to plaintiff, and

>Second, the use of such force was excessive, and

>Third, as a direct result, plaintiff suffered damage, pain, misery, anguish or similar harm,

If any of the above elements has not been proved by the preponderance of the evidence, then your verdict must be for defendant.

**Authority**: Adapted from 11th Cir. Pattern Jury Instr. (Civil) 2.4.1 (1999) and 8th Cir. Civil Jury Instr. 4.20 (2001).

## PLAINTIFFS' PROPOSED INSTRUCTION #__

**Unlawful Arrest Claim against Defendant Donald Miller.**

The parties have stipulated that Defendant Miller arrested Plaintiff, and did not have a warrant to do so. The following principles of law will guide you in determining whether Defendant Miller's conduct violated the United States Constitution:

The Fourth Amendment to the United States Constitution allows an officer to arrest a subject if and only if the officer has "probable cause" to believe a crime has been committed.

Probable cause exists if the facts and circumstances known to the officer, and of which he had reasonably trustworthy information, are sufficient to warrant a prudent person in believing that that suspect more likely than not has committed a crime.

A mere possibility that the person has committed a crime is not enough. The hunch, guess, conjecture, or surmise of an officer is not enough. There must be actual evidence to reasonably lead to the conclusion that the suspect has committed a specific crime.

Under the law of the State of Kentucky, a police officer has the right to arrest a person without a warrant whenever the officer reasonably believes that such person has committed a misdemeanor offense in the presence of the officer. An arrest for a misdemeanor offense is not permissible under Kentucky law if the officer does not have a reasonable belief that the subject has committed the offense in the presence of the officer. An arrest in violation of Kentucky law violates the Due Process clause of the United States Constitution. Therefore, even if you find that Defendant Miller had "probable cause" to believe a misdemeanor crime had been committed, you may find that Defendant Miller violated the Due Process clause of the United States Constitution if you find he did not reasonably believe the misdemeanor had been committed in his presence.

You are further instructed that, under the law of the State of Kentucky, a person commits the offense of disorderly conduct when:

(1) in a public place;

> **AND**

(2) (a) with intent to cause public inconvenience, annoyance or alarm;
>   **OR**
  (b) wantonly creating a risk thereof;

> **AND**

(3) he engages in fighting or in violent, tumultuous, or threatening behavior.

A person whose conduct offends only the police does not commit the offense of disorderly

conduct thereby.

"Wantonly" as used in this instruction means being aware of and yet consciously disregarding a substantial and unjustifiable risk that public inconvenience, annoyance, or alarm will result from his conduct. A risk is "substantial and unjustifiable" only if the risk is of such a nature and degree that the disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation.

Applying the foregoing instructions, your verdict must be for plaintiff and against defendant Donald Miller for unlawful arrest if all the following elements have been proved by the preponderance of the evidence:

> First, defendant Miller intentionally arrested plaintiff when he (a) did not have probable cause to believe plaintiff committed the offense of disorderly conduct, or (b) did not reasonably believe that plaintiff committed the offense of disorderly conduct in his presence; and

> Second, as a direct result, plaintiff suffered damage, pain, misery, anguish or similar harm,

If any of the above elements has not been proved by the preponderance of the evidence, then your verdict must be for defendant.

**Authority**: Adapted from 11th Cir. Pattern Jury Instr. (Civil) 2.2 (1999); KRS 431.005 (misdemeanor arrest power); KRS 525.060 and commentary (disorderly conduct); KRS 501.020(3) ("wantonly").

## PLAINTIFF'S PROPOSED INSTRUCTION #__

### MALICIOUS PROSECUTION

It is undisputed that criminal charges were brought against Plaintiff, and that these charges were dismissed and the prosecution was therefore terminated in Plaintiff's favor.

You will find for Plaintiff against a defendant under this instruction if you are satisfied from the evidence:

(1) that the defendant instituted or continued to institute criminal proceedings against Plaintiff; **AND**
(2) that in so doing defendant acted with malice **OR** with a primary purpose other than that of promoting justice,
(3) **UNLESS** you are satisfied from the evidence that the defendant had probable cause to believe and in good faith did believe that Plaintiff committed the offense of disorderly conduct.

## Plaintiff's proposed instruction No. ___

### FALSE IMPRISONMENT

You will find for Plaintiff against Defendant Donald Miller **UNLESS** you are satisfied from the evidence:

(1) that on January 1, 2003, in the presence of Donald Miller, Plaintiff committed the offense of Disorderly Conduct;
    **AND**
(2) Defendant Donald Miller did not use any more force than was necessary, or so appeared to him in the exercise of a reasonable judgment, in order to arrest Plaintiff and take him into custody.

**Plaintiff's proposed instruction No. \_\_\_**

## ASSAULT & BATTERY

You will find for Plaintiff against Defendant Donald Miller, if you are satisfied from the evidence that on January 1, 2003, Defendant Miller intentionally subjected Plaintiff to harmful or offensive contact, **UNLESS** you are satisfied from the evidence that on January 1, 2003:

(1) In Defendant Miller's presence, Plaintiff committed the offense of Disorderly Conduct; **AND**

(2) Defendant Miller did not use any more force than was necessary, or so appeared to him in the exercise of a reasonable judgment, in order to arrest Plaintiff and take him into custody.

**PLAINTIFF'S PROPOSED INSTRUCTION # \_\_\_**

## COMPENSATORY DAMAGES

"Compensatory damages" are the amount of money which will reasonably and fairly compensate Plaintiff Timothy Momah for any harm which the wrongful conduct of the defendants was a substantial factor in bringing about.

Among the elements of injury and harm you must consider in fixing compensatory damages are:
(1) The reasonable expense of legal services required and received by Timothy Momah to defend himself and clear himself;
(2) The physical harm to Timothy Momah during and after the impairment, including physical pain, disability, disfigurement, or discomfort; and any such physical harm which Timothy Momah will, with reasonable certainty, suffer in the future;
(3) The emotional and mental harm to Timothy Momah during and after his seizure and imprisonment by the defendants, including fear, humiliation, degradation, mental anguish; and any such emotional and mental harm that Timothy Momah will, with reasonable certainty, suffer in the future.

## EXEMPLARY DAMAGES

You may award such "exemplary damages" as you fill will adequately compensate for the loss of dignity that occurred when Plaintiff Timothy Momah suffered a violation of his constitutionally protected rights.

## PUNITIVE DAMAGES

The function of punitive damages is to punish malicious conduct and deter similar conduct in the future. If you find for Plaintiff and award him a sum of compensatory damages, you may in your discretion award punitive damages if you are satisfied from the evidence that a defendant acted toward Plaintiff Momah with fraud, oppression, or malice.

"Fraud" as used in this instruction means an intentional misrepresentation, deceit, or concealment of a material fact known to a defendant and made with the intention of causing injury to Plaintiff Momah.

"Oppression" as used in this instruction means conduct specifically intended by a defendant to subject Plaintiff Momah to cruel and unjust hardship.

"Malice" as used in this instruction means (a) conduct specifically intended by a defendant to cause injury to Plaintiff Momah; or (b) conduct of a defendant that was carried out with flagrant indifference to Plaintiff's rights and with an awareness that such conduct would result in harm.