UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

FILED
US DISTRICT COURT CLERK
WESTERN DISTRICT OF KY

05 JUN -9  AM 10: 39

TIMOTHY MOMAH,

    PLAINTIFF

v.

DENNY'S, INC. and
DONALD MILLER,

    DEFENDANTS.

DENNY'S, INC.,

THIRD-PARTY PLAINTIFF

v.

LAW ENFORCEMENT SECURITY
SERVICES, LLC,

    THIRD-PARTY DEFENDANT.

CIVIL ACTION NO. 3:04CV-64-C

## DENNY'S PROPOSED JURY INSTRUCTIONS

Defendant, Denny's Inc., by counsel, hereby requests that the Court instruct the Jury as follows:

### INSTRUCTION NO. 1
### [§ 1983]

The Plaintiff claims that the Defendants, by using excessive force in making an arrest, deprived the Plaintiff of his Fourth Amendment constitutional rights.  Every person has a constitutional right not to be subjected to unreasonable or excessive force, even though the arrest is otherwise made in accordance with the law.  On the other hand, a law enforcement officer has the right to use such force as is reasonably necessary under the circumstances to make a lawful

arrest, to protect his own safety or the safety of others, or to overcome resistance to a lawful arrest.

Whether force is excessive is measured by the force a reasonable and prudent law enforcement officer would use under the circumstances. You should take into account the need for the application of force, the amount of force used, and the relationship between the need and the amount used. You should not judge the issue on the basis of hindsight, but rather from the perspective of a reasonable officer at the scene, taking into consideration the circumstances that the officers reasonably believed existed at the time of the incident. Your determination of reasonableness must allow for the fact that police officers may be forced to make split-second judgments about the amount of force necessary in a particular situation. Whether the officers' actions were reasonable is an objective question, and you should not take into consideration the officers' underlying intent or motivation, be it good or evil.

The Plaintiff also claims that the Defendants Denny's and Law Enforcement failed to prevent Defendant Miller from using excessive force on the Plaintiff. If you find that one of the Defendants was in a position and had the ability to stop the other from using excessive force, but did nothing to prevent such use, you may hold that Defendant liable for the other's use of that force.

The Plaintiff must prove each of the following:

(1)     that the Defendants, Denny's, Inc., Law Enforcement Security Services, LLC and/or Donald Miller, intentionally committed acts or omissions which deprived the Plaintiff of his Fourth Amendment right to be free of excessive force;

(2)     that the Defendants engaged in state action; and

2

(3)     that the Defendants' acts were the factual and legal cause of the deprivation of

Plaintiff's rights.

As to the first element, an act is intentional if it is done knowingly, that is, if it is done

voluntarily and deliberately and not because of mistake, accident, or negligence.

As to the second element, a Defendant engaged in state action if there is a sufficiently

close nexus between the government and the private party's conduct so that the conduct may be

fairly attributable to the state itself.

As to the third element, an act or failure to act is the factual and legal cause of the injury

or damage if it appears from the evidence that the act or failure to act played a substantial part in

bringing about or actually causing the injury or damage.

If you are satisfied from the evidence that one or more Defendant used excessive force

when arresting Plaintiff, you should find for Plaintiff as to that Defendant or those Defendants.  If

you are not satisfied from the evidence that one or more Defendant used excessive force, then

you should find for that Defendant or those Defendants.

*Graham v. Connor, 490 U.S. 386, 396, 104 L. Ed. 2d 443, 109 S. Ct. 1865 (1989); Radvansky v.
City of Olmsted Falls, 395 F.3d 291 (6TH Cir. 2005);*

### INTERROGATORY NO. 1

Do you believe the Defendant's intentionally committed acts or omissions which

deprived the Plaintiff of his Fourth Amendment right to be free of excessive force?

Miller                    YES_____          NO_____

Denny's, Inc.             YES_____          NO_____

Law Enforcement           YES_____          NO_____

3

## INTERROGATORY NO. 2

Do you believe that the Defendants engaged in state action?

Miller              YES_____              NO_____

Denny's, Inc.       YES_____              NO_____

Law Enforcement     YES_____              NO_____

## INTERROGATORY NO. 3

Do you believe that the Defendants' acts were the factual and legal cause of the

deprivation of Plaintiff's rights?

Miller              YES_____              NO_____

Denny's, Inc.       YES_____              NO_____

Law Enforcement     YES_____              NO_____

4

**INSTRUCTION NO. 2**
*[§ 1981]*

The Plaintiff claims that the Defendants stop and seizure of him was racially motivated, and violated his Fourth Amendment constitutional rights.  Every person has a right to make and enforce contracts.

The plaintiff must prove each of the following:

(1)    plaintiff is a member of a protected class;

(2)    plaintiff sought to make or enforce a contract for services ordinarily provided by defendant; and

(3)    plaintiff was denied the right to enter into or enjoy the benefits or privileges of the contractual relationship in that:

(a) plaintiff was deprived of services while similarly situated persons outside the protected class were not;  and/or

(b) plaintiff received services in a markedly hostile manner and in a manner which       a reasonable person would find objectively discriminatory.

As to the first element, the parties agree that the plaintiff is a member of a protected class.

As to the second element, Plaintiff must establish that he was attempting to make a contract for the services ordinarily provided by Denny's, meaning, he must establish that he was attempting purchase food or drinks from Denny's.

5

*As to the third element, Plaintiff must establish that he was deprived of the services provided by Denny's while non-minority patrons were not, and/or he received the services provided by Denny's in a hostile manner that a reasonable person would find discriminatory.* Christian v. Wal-Mart Stores, Inc., *252 F.3d 862, 868 (6th Cir. 2001).*

## INTERROGATORY NO. 1

*Do you believe that at the time of his arrest Plaintiff sought to make or enforce a contract to purchase food or drinks from Denny's?*

*YES_____ NO_____*

## INTERROGATORY NO. 2

*Do you believe that Plaintiff was denied the right to enter into or enjoy the benefits or privileges of the contractual relationship in that: (a) Plaintiff was deprived of services while non-minorities were not; and/or (b) plaintiff received services in a hostile manner which a reasonable person would find objectively discriminatory?*

*YES_____ NO_____*

6

### INSTRUCTION NO. 3
### [Assault and Battery]

The Plaintiff claims that Defendants committed assault and battery against him during his arrest.  The law allows individuals to recover damages for assault and battery if someone intentionally inflicts harmful or offensive contact upon them unless such contact was justified.  A police officer is justified in making such contact if he or she reasonably believes under the circumstances that such contact was necessary to make a lawful arrest, to protect his or her own safety or the safety of others, or to overcome resistance to a lawful arrest.

Whether an officer reasonably believes that such contact was necessary should be judged from the perspective of a reasonable officer at the scene, taking into consideration the circumstances that the officer reasonably believed existed at the time of the incident.  Your determination of reasonableness must allow for the fact that police officers may be forced to make split-second judgments in sometimes stressful and dangerous environments.

If you are satisfied from the evidence that one or more of the Defendants intentionally inflicted harmful or offensive contact upon the Plaintiff and was not justified in inflicting such contact, you should find for the Plaintiff.  If you are not satisfied from the evidence that the Defendants intentionally inflicted harmful or offensive contact upon the Plaintiff, or, if they did inflict such contact, you believe they were justified, you should find for that Defendant or Defendants.

Palmore, <u>Kentucky Instructions to Juries</u>, § 28.11

## INTERROGATORY NO. 1

*Please answer with regard to each Defendant.  Did the Defendant commit assault and battery against Plaintiff as that offense is defined in Instruction No. 4?*

*Miller   YES_____   NO_____*

*Denny's   YES_____   NO_____*

*Law Enforcement   YES_____   NO_____*

## INSTRUCTION NO. 4
## [MALICIOUS PROSECUTION]

You will find for the Plaintiff if you are satisfied from the evidence that in causing him to be arrested and charged with disorderly conduct:

(1)     The Defendant, Donald Miller, knew that the Plaintiff did not engage in disorderly conduct.

(2)     In having Plaintiff arrested, Donald Miller's motive was not to promote justice but to intentionally cause harm.

Palmore, Kentucky Instructions to Juries, § 27.04

8

## INTERROGATORY NO. 1

Do you believe from the evidence that the Defendant, Donald Miller, knew that the Plaintiff was not engaging in disorderly conduct?

*YES_____  NO_____*

(If your answer to Interrogatory No. 1 is "YES," proceed to Interrogatory No. 2.  If your answer to Interrogatory No.1 is "NO," proceed to Instruction No. 6).

## INTERROGATORY NO. 2

Do you believe from the evidence that the Defendant, Donald Miller, had the Plaintiff arrested with the intent to cause harm as opposed to an intent to promote justice?

*YES_____  NO_____*

9

## INSTRUCTION NO. 5
## [FALSE IMPRISONMENT]

You will find for the Plaintiff if you are satisfied from the evidence as follows:

(1)     that in causing the Plaintiff to be arrested and charged with disorderly conduct, Donald Miller intended to confine the Plaintiff against his will;

(2)     that the Plaintiff was actually confined against his will when he was arrested and charged with disorderly conduct and was either conscious of his confinement or was physically harmed by it; and

(3)     that Donald Miller knew that Plaintiff was not engaging in disorderly conduct.

Palmore, Kentucky Instructions to Juries, § 30.01; Restatement (Second) of Torts § 35 (1965).

### INTERROGATORY NO. 1

Do you believe that in causing the Plaintiff to be arrested and charged with disorderly conduct, Donald Miller intended to confine the Plaintiff against his will?

*YES*_____  *NO*_____

(If your answer to Interrogatory No. 1 is "YES," proceed to Interrogatory No. 2.  If your answer to Interrogatory No. 1 is "NO," proceed to Instruction No. 7).

### INTERROGATORY NO. 2

Do you believe that the Plaintiff was confined against his will when he was arrested and charged with disorderly conduct and was either conscious of his confinement or was physically harmed by it?

*YES*_____  *NO*_____

11

(If your answer to Interrogatory No. 2 is "YES," proceed to Interrogatory No. 3.  If your answer to Interrogatory No. 2 is "NO," proceed to Instruction No. 6).

## INTERROGATORY NO. 3

Do you believe that Donald Miller knew that the Plaintiff was not engaging in disorderly conduct?

*YES*_____ *NO*_____

(If your answer to Interrogatory No. 3 is "YES," proceed to Interrogatory No. 4.  If your answer to Interrogatory No. 3 is "NO," proceed to Instruction No. 7).

## INTERROGATORY NO. 4

Do you believe that the Defendant, Donald Miller, intended to cause harm to the Plaintiff, when he intentionally confined him against his will?

*YES*_____ *NO*_____

### *INSTRUCTION NO. 6*
### [NEGLIGENCE]

It was the duty of the Defendant, Donald Miller, to use ordinary care for the safety of the

Plaintiff during the events which are the subject of this action.  "Ordinary care" is defined as such

care as an ordinarily prudent person would exercise under the same or similar circumstances.

You will find for the Plaintiff if you are satisfied from the evidence as follows:

> (1)    That Donald Miller failed to use ordinary care for the
>        Plaintiff during the events which are the subject of this
>        action.

> (2)    That Donald Miller's failure to use ordinary care was a
>        substantial factor in causing injury to Plaintiff.

(Proceed to Interrogatory No. 1).

Palmore, Kentucky Instructions to Juries, § 14.01

### INTERROGATORY NO. 1

Do you believe that the Defendant, Donald Miller, failed to use ordinary care for the

Plaintiff during the events which are the subject of this action?

YES _____

NO _____

13

(If your answer to Interrogatory No. 1 is "YES," proceed to Interrogatory No. 2.  If your answer to Interrogatory No. 1 is "NO," proceed to Instruction No. 8).

## **INTERROGATORY NO. 2**

Do you believe that Defendant Donald Miller's failure to use ordinary care for the Plaintiff during the events which are the subject of this action was a substantial factor in causing her injury?

YES _____

NO _____

14

## INSTRUCTION NO. 7
### [VICARIOUS LIABILITY]

The Plaintiff alleges that Defendants Denny's and Law Enforcement are vicariously liable

for Defendant Donald Miller's alleged tortuous conduct. An employer is liable for the acts of his

employee if at the time of the incident the employee is acting on his employer's business and

within the authority of his employment by the employer, and under the terms of his employment

the employer's authority included the right to direct and superintend the details of his work.

First, an employment relationship must exist between the parties. To determine whether Denny's

and/or Law Enforcement were Donald Miller's employer, you must look at the following factors

the factors:

      (a)    the extent of control which, by the agreement, the master may exercise over the details of the work;

      (b)    whether or not the one employed is engaged in a distinct occupation or business;

      (c)    the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;

      (d)    the skill required in the particular occupation;

      (e)    whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work;

      (f)    the length of time for which the person is employed;

      (g)    the method of payment, whether by the time or by the job;

      (h)    whether or not the work is a part of the regular business of the employer; and

15

(i)   whether or not the parties believe they are creating the relationship of master and servant

These factors are to be accorded relative weight with no single factor or combination of factors being determinative.

If an employment relationship is found to exist between Donald Miller and Denny's and/or Law Enforcement, you must determine whether at the time of the incident Donald Miller was acting on Denny's and/or Law Enforcement's business and within the authority of his employment by Denny's and/or Law Enforcement; and that under the terms and conditions of Donald Miller's employment, Denny's and/or Law Enforcement's authority included the right to direct and superintend the details of his work.

Palmore, Kentucky Instructions to Juries, § 22.04; *Ratliff v. Redmon*, 396 S.W.2d 320, 324 (Ky. 1965).

## INTERROGATORY NO. 1

Do you believe that Donald Miller was an employee of:

Denny's              YES _____         NO _____

Law Enforcement      YES _____       NO _____

## INTERROGATORY NO. 2

Do you believe that at the time of the incident Donald Miller was acting on Denny's and/or Law Enforcement's business and within the authority of his employment by Denny's and/or Law Enforcement?

Denny's              YES _____         NO _____

Law Enforcement      YES _____       NO _____

16

## INTERROGATORY NO. 3

Do you believe that under the terms of Donald Miller's employment, Denny's and/or Law

Enforcement's authority included the right to direct and superintend the details of his work?

Denny's              YES _____        NO _____

Law Enforcement      YES _____      NO _____

Respectfully submitted,

Carol Dan Browning
Thad M. Barnes
Demetrius O. Holloway
STITES & HARBISON, PLLC
400 West Market Street, Suite 1800
Louisville, KY 40202-3352
Telephone: (502) 587-3400
COUNSEL FOR DEFENDANT, DENNY'S, INC.

17

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was served by hand-delivery in open Court and United States First Class Mail, postage prepaid, on this 9th day of June, 2005 upon:

Michael L. Goodwin
Goodwin & Lasch
607 West Main Street, Suite 500
Louisville, Kentucky  40202
(502) 584-7622
Counsel for Plaintiff

Anne Miller
O'Koon Hintermeister
Suite 1100
500 West Jefferson Street
Louisville, Kentucky  40202
Counsel for Defendant,
Donald Miller

Raymond J. Naber, Jr.
2450 Meidinger Tower
462 South Fourth Avenue
Louisville, Kentucky  40202-3446
Counsel for Law Enforcement Security
Services, Inc.

Thad M. Barnes

DE131:000DE:456976:1:LOUISVILLE

18